# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Agro Santino, OOD<br><br>Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. |

**ORDER GRANTING RECOGNITION AND RELIEF
IN AID OF A FOREIGN MAIN PROCEEDING
<u>PURSUANT TO 11 U.S.C. §§105(a), 1509(b), 1517 AND 1520(a)</u>**

Upon a hearing having been held before this Court on _____, 2022 (the "<u>Hearing</u>") to consider the *Verified Petition for Recognition of the Bulgarian Bankruptcy Proceeding and Motion for Order Granting Final Relief Pursuant to 11 U.S.C. §§ 105(a), 1507, 1509(b), 1515, 1517 and 1520(a)* (the and together with the *Official Form Petition* filed by the Petitioner contemporaneously therewith, the "<u>Petition</u>")[1] (i) commencing this chapter 15 case and (ii) seeking recognition of the proceeding (the "<u>Bulgarian Bankruptcy Proceeding</u>") commenced against Agro Santino OOD ("<u>Agro</u>" or the "<u>Debtor</u>"), case number 20215500901241, pending in the Stara Zagora District Court in Stara Zagora, Bulgaria, acting in capacity of a bankruptcy court (the "<u>Bulgarian Court</u>") pursuant to the relevant sections of the Bulgarian Commercial Code relating to insolvency, bankruptcy, and restructuring, as a foreign main proceeding under chapter 15 of the Bankruptcy Code; and the Court having considered and reviewed all pleadings, exhibits, declarations and other documents filed in connection with and in support of the Petition submitted by Yordanka Ivanova Panchovska, the foreign representative of Agro in the Bulgarian Bankruptcy Proceeding (the "<u>Foreign Representative</u>"); and it appearing that due and timely notice of the filing of the Petition

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Petition.

and the Hearing has been given by the Foreign Representative consistent with this Court's previous Order scheduling a hearing on the Petition, dated _____ \_\_\_\_, 2022; and such notice appearing to be adequate for all purposes such that no other or further notice thereof need be given; and this Court having reviewed and considered any objection or other response; and all interested parties having had due and proper notice and an opportunity to be heard; and the Court having heard argument by counsel appearing at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

    A.    Pursuant to 11 U.S.C. § 1514, appropriate and timely notice of the filing of the Petition and the Hearing was given by the Foreign Representative, and such notice is sufficient for all purposes, and no other or further notice is necessary or required.

    B.    All interested parties had an opportunity to be heard at the Hearing.

    C.    Any objection or other responses that have not been withdrawn or otherwise resolved are hereby overruled.

    D.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 1501.

    E.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. §1410.

    F.    This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(P).

    G.    The Foreign Representative has satisfied the requirements of 11 U.S.C. § 1515 and Fed. R. Bank. P. 1007(a)(4) and demonstrated that:

        (i)    Agro is subject to a pending foreign proceeding within the meaning of 11 U.S.C. § 101(23);

    (ii)      the Bulgarian Bankruptcy Proceeding is pending in Stara Zagora, Bulgaria, where Agro's center of main interests is located and, accordingly, the Bulgarian Bankruptcy Proceeding is a "foreign main proceeding" pursuant to 11 U.S.C. §1502(4) and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. §1517(b)(1);

    (iii)     the Foreign Representative is the foreign representative of Agro within the meaning of 11 U.S.C § 101(24);

    (iv)     the chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515;

    (v)      the Petition satisfies the requirements of 11 U.S.C. § 1515 and the Foreign Representative is entitled to all relief provided pursuant to 11 U.S.C. §§ 1509(b), 1517 and 1520(a), without limitation, and as ordered by this Court;

    (vi)     the relief granted hereby is necessary and appropriate and in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. §§ 1509(b), 1517, 1520(a); and

    (vii)     the interest of the public will be served by this Court's granting the relief requested by the Foreign Representative.

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED** that the Bulgarian Bankruptcy Proceeding is granted recognition pursuant to 11 U.S.C. §§ 1517(a) and 1517(b)(1); and it is further

**ORDERED** that all relief afforded to a foreign main proceeding pursuant to 11 U.S.C. §§ 1509(b) and 1520 is granted; and it is further

**ORDERED** that the orders entered by the court in Bulgaria are recognized by this Court and are applicable to Agro's creditors located in the territorial jurisdiction of the United States; and it is further

**ORDERED** that 11 U.S.C. §§ 361 and 362 apply with respect to Agro and the property of Agro that is currently within, or may be brought in, the territorial jurisdiction of the United States (the "Assets"); and it is further

**ORDERED** that, consistent with 11 U.S.C. § 1520(a)(1), all persons and entities are hereby enjoined from:

(i) executing against any Assets;

(ii) commencing or continuing any litigation or any actions to undertake the enforcement in the United States of any legal proceeding (including, without limitation arbitration, or any judicial, quasi-judicial, administrative or regulatory action, assessment, proceeding or process or any actions related thereto including discovery) ("Actions"), or taking any other Actions against or involving the Foreign Representative (in Foreign Representative's capacity as foreign representative of Agro) and any Assets or any rights, obligations, or liabilities of Agro;

(iii) securing or enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order, or arbitration award against Agro or the Foreign Representative (with respect to Agro), or any Assets, within the territory of the United States;

(iv) commencing or continuing any Action to create, perfect or enforce any lien, setoff, attachment, or other claim against Agro, the Foreign Representative (with respect to Agro), or any of the Assets, within the territory of the United

States;

(v)  continuing any Action or commencing any additional Action, including discovery, involving Agro, its Assets, or the Foreign Representative (with respect to Agro) within the territory of the United States; or

(vi)  enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against Agro or its Assets within the territory of the United States;

and it is further

**ORDERED** that the Foreign Representative is authorized to continue or commence actions in the federal or state courts of the United States; and it is further

**ORDERED** that this Order shall be served upon all known parties in interest (or their counsel) as identified in Agro's Notice List filed in connection with the Petition, by electronic mail or by facsimile transmission, or in the event service by electronic mail or facsimile cannot be accomplished, then by either United States mail (first class postage prepaid) or by courier service; and upon any other interested party that becomes known to the Foreign Representative at such time as they are sufficiently identified, by United States mail (first class postage prepaid) or by courier or by email within five (5) business days following the time any such party is identified by the Foreign Representative; and it is further

**ORDERED** that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

**ORDERED** that Petitioner shall, unless otherwise ordered by this Court, retain the right at any point to seek further relief from this Court that may be necessary to implement the Bulgarian Bankruptcy Proceeding and/or to effectuate the purposes of chapter 15.

Dated: New York, New York

_____ \_\_\_\_, 2022

_____
UNITED STATES BANKRUPTCY JUDGE