**Hearing Date and Time: July 14, 2022 at 2:00 p.m.**

Peter Fox, Esq.
SCOOLIDGE PETERS RUSSOTTI & FOX LLP
2 Park Avenue, 20th Floor.
New York, New York 10016
Telephone: 212-729-7708

*Attorneys for the Foreign Representative
of Agro Santino OOD*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Agro Santino, OOD<br><br>Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 22-10756 (JLG) |

**REPLY IN SUPPORT OF VERIFIED PETITION FOR RECOGNITION OF THE
BULGARIAN BANKRUPTCY PROCEEDING AND MOTION FOR ORDER
GRANTING RELIEF PURSUANT TO 11 U.S.C. §§ 105(A), 1509(B), 1515, 1517 AND
1520(A)**

The Foreign Representative[1] by and through her undersigned counsel, respectfully submits this *Reply in Support of Verified Petition for Recognition of the Bulgarian Bankruptcy Proceeding and Motion for Relief Pursuant to 11 U.S.C. §§ 105(a), 1509(b), 1515, 1517 and 1520(a)* (the "Reply"). In support of the Reply, the Foreign Representative respectfully refers the Court to, and incorporates by reference the *Declaration of Yordanka Ivanova Panchovska in Support of Reply in Support of Verified Petition for Recognition of the Bulgarian Bankruptcy Proceeding and Motion for Relief Pursuant to 11 U.S.C. §§ 105(a), 1509(b), 1515, 1517 and 1520(a)* (the "Second Supplemental Foreign Representative Declaration").

---

[1] Unless otherwise defined, all capitalized terms have meaning ascribed to them in the Foreign Representative's *Verified Petition for Recognition* of *the Bulgarian Bankruptcy Proceeding and Motion for Relief Pursuant to 11 U.S.C. §§ 105(a), 1509(b), 1515, 1517 and 1520(a)* (the "Verified Petition") (Dkt. No. 2).

**PRELIMINARY STATEMENT**

StoneX's opposition to the Verified Petition is limited to challenging the authorization of Foreign Representative's appointment as such.  See *Opposition to Agro Santino OOD's Verified Petition for Recognition of the Bulgarian Bankruptcy Proceeding and Motion for Relief Pursuant to 11 U.S.C. §§ 105(a), 1509(b), 1515, 1517 and 1520(a)* (Dkt. No. 24) (the "Opposition") ¶¶ 7-15.  To emphasize: with the exception of this challenge, *no party* – not even StoneX – disputes that the Foreign Representative has established all of the elements required for the recognition of the Bulgarian Bankruptcy Proceeding as a "foreign man proceeding" under section 1517(a) and (b)(1) of the Bankruptcy Code.  This assent means that, as long as StoneX's argument regarding the Foreign Representative's appointment fails, the Verified Petition must be granted.

And fail StoneX's argument does – both as a matter of law and fact.

*First*, the facts:  By StoneX's own (erroneous) formulation of Bulgarian law, Agro's appointment of the Foreign Representative would have only required the trustee's approval, "If the Foreign Representative is incurring fees for her services, *which will be sought later in the bankruptcy proceeding . . ..*"  Opp. ¶ 14 (emphasis added).  But the Foreign Representative *is not*, and *will not*, be seeking fees in the Bulgarian Bankruptcy Proceeding.  This is because she is being paid by a creditor of Agro.  Her work as foreign representative will not affect Agro's assets in any way.  The entire factual predicate for StoneX's argument is wrong.[2]

---

[2] In the "Factual Background Section" of the Opposition, StonX also makes several erroneous or misleading factual assertions.  Although these assertions are irrelevant to the issue of the Foreign Representative's appointment, in the interest of correcting the record, they are identified and rebutted in the Appendix.

2

*Second*, Bulgarian law does not – as StoneX contends – require that the debtor's appointment of an agent, such as a foreign representative, be approved by the trustee. Rather the "new-transaction" exception to a debtor's unilateral control of its own affairs under Article 635 of the Bulgarian Commercial Code pertains only to newly incurred payments by the debtor. The Bulgarian Supreme Court case on which StoneX relies is not the contrary – it merely concerns whether a claim against the debtor for legal fees is allowable without the Trustee's prior recommendation as to allowability.

For the reasons set forth in the Verified Petition, the Court should grant the Verified Petition and award all of the relief requested therein.

## ARGUMENT

1. As explained in paragraph 24 the Verified Petition, a petition for recognition must be granted when the three elements of section 1517(a) are satisfied: (i) that the foreign proceeding for which recognition is sought is a foreign main proceeding or a foreign nonmain proceeding for the purposes of section 1502 of the Bankruptcy Code; (ii) that the foreign representative is a person or a body; and (iii) that the petition for recognition meets the requirements of section 1515 of the Bankruptcy Code.

2. StoneX disputes the satisfaction of only this last element, and – even there – StoneX challenges only the completion of one requirement of section 1515: that a petition be accompanied by "evidence acceptable to the court of the . . . appointment of the foreign representative." See Opp. ¶ 7 (quoting 11 U.S.C. § 1515(b)(3)).

3. Here, the Petition was accompanied by more than enough evidence proving the appointment of the Foreign Representative as Agro's foreign representative. To begin with, the power of attorney duly appointing the Foreign Representative as such was provided as Exhibit B to

the Foreign Representative Declaration (Dkt. No. 3-2). Beyond that, the Foreign Representative provided testimony about a debtor's authority under Bulgarian law to make such an appointment, see Foreign Rep. Decl. (Dkt. No. 3) ¶ 33, and recounted her own specific appointment process, see id. ¶ 46 – including how Agro's authority to make the appointment of the Foreign Representative was confirmed by the trustee herself. A copy of the trustee's letter, confirming Agro's authority, was provided as Exhibit E to the Foreign Representative Declaration (Dkt. No. 3-5).

4. Absent rebuttal evidence calling into question whether the Foreign Representative was in fact authorized by Agro, the Foreign Representative's *prima facie* showing of her authorization is sufficient to satisfy section 1515's requirements and thus the elements of the section 1517(a). StoneX does not cite any caselaw for the proposition that a court should inquire into the debtor's authority under foreign law to appoint a foreign representative for the purposes of section 1515, let alone any case where a petition for recognition was *denied* on those grounds. To the Foreign Representative's knowledge, there is none.

5. Nevertheless, Agro *was* legally authorized to appoint the Foreign Representative as its foreign representative. This is both because: (1) the Foreign Representative is being paid by a creditor of Agro, not by Agro itself, and so, even under StoneX's (erroneous) interpretation of Bulgarian law, there is no requirement that her appointment be approved by the trustee; and (2) StoneX's interpretation of Article 635 of the Bulgarian Commercial Code is, indeed, erroneous – as the trustee's own letter to Agro's manager confirms.

6. *The Foreign Representative is Not Being Paid by Agro*. Just like Agro's legal fees in in the United States, the Foreign Representative's fees are being paid by a creditor of Agro's. See Second Supp. Foreign Rep. Decl. ¶ 4. To the extent the Foreign Representative incurs

additional fees, claims for payment of these fees will also be submitted to the creditor, not to Agro. See id.

7. This fact alone explodes StoneX's theory that Agro's appointment of the Foreign Representative required approval from the trustee. According to StoneX, the dispositive question for determining authorization is whether "the Foreign Representative is incurring fees for her services, *which will be sought later in the bankruptcy proceeding . . . .*" See Opp. ¶ 14 (emphasis added); see also id. ¶ 11 ("Under Bulgarian law, a 'new transaction' occurs when a debtor company enters into an agreement with an agent under which the agent will incur fees.") But the Foreign Representative is *not* incurring any fees from Agro, and *will not* seek fees from Agro's estate in the future. The Court need not proceed further to grant the Petition.

8. *The Trustee's Approval Would Not Have Been Required in Any Event.* Moreover, even were the Foreign Representative looking to Agro for satisfaction of her fees (which she is not), nothing in Bulgarian law requires that her appointment be conditioned on approval by the trustee. As explained in the Foreign Representative Declaration, under Article 635 of the Bulgarian Commercial Code, prior to an Article 710 Liquidation Determination, a debtor maintains unilateral control of its affairs subject to any limitations specifically imposed by the supervising court and except with respect to "new transactions." See Foreign Rep. Decl. ¶¶ 32, 33, 46.

9. StoneX contends the appointment of an agent, who will incur fees chargeable to the debtor constitutes a "new transaction," see Opp. ¶ 11, but it is mistaken. To the contrary, the appointment of an agent is not, by itself, a "new transaction." See Second Supp. Foreign Rep. Decl. ¶ 5. Rather, *payment* to an agent constitutes a "new transaction." See id.

10. This – approval for *payment* – is the principle animating the Bulgarian Supreme Court Decision on which StoneX relies as the sole authority for its interpretation of the new-

5

transaction exception.  See id. ¶ 7.  Indeed, in that case, *Decision no. 252 of 11.04.2017 on commercial case no. 2822/2015* (Dkt No. 25-2), the Bulgarian Supreme Court merely reviewed the disallowance of a lawyer's claim against the debtor for fees.  See id.  The decision does not address whether the debtor's *engagement* of the lawyer was valid – which it was.

11.     The trustee herself appears to share this (correct) interpretation of Article 635's new-transaction exception because, in response to a letter from Agro's manager informing her of Agro's intent to appoint a foreign representative for the purposes of commencing a chapter 15 case in the United States, she wrote, "the company's manager has the right and obligation to manage and represent it [Agro], including in the pursuit of legal actions about its property, as the case you request my assistance for is."  See Ex. E to Foreign Rep. Decl.; see also Second Supp. Foreign Rep. Decl. ¶ 6; Foreign Rep Decl. ¶ 46.

## CONCLUSION

12.     For the reasons set forth in the Verified Petition, the Court should grant the Verified Petition and award all of the relief requested therein.

Dated: July 11, 2022
       New York, New York

                                        SCOOLIDGE PETERS RUSSOTTI & FOX LLP


                                        By: /s/ *Peter Fox*
                                            Peter Fox

                                        Peter Fox, Esq.
                                        SCOOLIDGE PETERS RUSSOTTI & FOX LLP
                                        2 Park Avenue, 20th Floor
                                        New York, New York 10016
                                        T: 212-729-7708
                                        (pfox@sprfllp.com)

                                        *Attorneys for the Foreign Representative of Agro Santino OOD*

6

# APPENDIX

| False or Misleading Assertion | Rebuttal |
|---|---|
| "[T]he Bulgarian Court directed StoneX to commence an action in New York" Opp. ¶ 3 | The supposed "direction" was made by a different Bulgarian court, years before the commencement of the Bulgarian Bankruptcy Proceeding. See Reply in Support of Mot. for Provisional Relief (the "Reply") (Dkt. No. 14) ¶ 8. |
| "StoneX joined the bankruptcy proceeding, which had already been commenced." Opp. ¶ 4. | The Bulgarian Bankruptcy Proceeding was only commended *after* the Bulgarian Court granted *StoneX's* petition to open an involuntary bankruptcy against Agro. Foreign Rep. Decl. ¶¶ 34-35. ¶ |
| "At the time [of the Petition], the parties in the New York Action were in the middle of briefing on StoneX's motion for summary judgment." Opp. ¶ 6. | StoneX had notice weeks before filing its motion for summary judgment that Agro intended to open a chapter 15 case. See Reply ¶ 5. |

7